UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DEMAR RAHYMES BARNES,<br><br>    Petitioner,<br>v.<br>D.W. NEVENS, et al.,<br><br>    Respondents. | Case No. 2:14-cv-01946-RFB-PAL<br><br>ORDER |

This habeas matter under 28 U.S.C. § 2254 is before the court on Respondents' motion to dismiss Petitioner Demar Rahymes Barnes ("Barnes")' First Amended Petition (ECF No. 21).

**I.    PROCEDURAL HISTORY AND BACKGROUND**

On May 7, 2012, Barnes was charged with three counts of Child Abuse & Neglect with Substantial Bodily Harm. (ECF No. 22-3). On May 31, 2012, the District Attorney filed an Amended Complaint charging Barnes with one count of Child Abuse with Substantial Bodily Harm, one count of Child Neglect Resulting in Substantial Bodily Harm, and one count of Child Abuse with Substantial Bodily Harm. (ECF No. 22-4). A Clark County Public Defender was appointed to represent Barnes. (ECF No. 22-1 at 1). Barnes waived his preliminary hearing and informed the court that he would enter a guilty plea to one count of Child Abuse Resulting in Substantial Bodily Harm, carrying a term of two to twenty years. (ECF No. 22-5). Pursuant to the plea agreement, the District Attorney filed an Information charging Barnes with one count of Child Abuse with Substantial Bodily Harm

on June 25, 2012. (ECF No. 8-1). Barnes entered into the guilty plea agreement on June 28, 2012. (ECF No. 8-2). On September 25, 2012, the district court sentenced Barnes to a maximum prison term of 240 months with a minimum parole eligibility requirement of 96 months. (ECF No. 22-7 at 8). The court credited Barnes with 51 days for time served and assessed $25 administrative and $150 DNA fees. The court then memorialized Barnes' sentence in the October 2, 2012 Judgment of Conviction. (ECF No. 8-4). This is the judgment Barnes challenges in this Amended Petition.

Barnes' attorney filed a Notice of Appeal on October 10, 2012. (ECF No. 22-9). Barnes's attorney also filed a Fast Track Statement on February 7, 2013. (ECF No. 8-5). The Nevada Supreme Court affirmed Barnes' conviction on June 13, 2013. (ECF No. 22-12). The court issued its remittitur on July 11, 2013. (ECF No. 22-13). The state district court granted Barnes' motion for the withdrawal of his attorney on August 6, 2013, but his motion for appointment of counsel was denied. (ECF No. 22-1 at 6). Barnes submitted a second motion for appointment of counsel on September 13, 2013. He subsequently filed a proper person Petition for Writ of Habeas Corpus (Post-Conviction) on September 26, 2013, asserting ineffective assistance of counsel claims under the Sixth and Fourteenth Amendments. (ECF No. 8-6). The state court conducted a hearing on the post-conviction petition and ordered the petition denied. (ECF No. 22-8 at 9). Barnes was not present at the hearing. Barnes filed a proper person Notice of Appeal on January 9, 2014. (ECF No. 22-14). Pursuant to a request from the Nevada Supreme Court, the district court filed a Notice of Entry of Findings of Fact, Conclusions of Law and Order on January 21, 2014. (ECF No. 22-16). The Nevada Supreme Court, without briefing, affirmed the conviction and denied all of Barnes' claims on June 11, 2014. (ECF No. 22-18). The court issued its remittitur on July 8, 2014. (ECF No. 22-19).

Barnes mailed his pro se Petition for Section 2254 Habeas Corpus on November 17, 2014. (ECF No. 1-1). The Petition was filed on November 21, 2014. (ECF No. 1). He filed a motion for appointment of counsel on January 6, 2015. (ECF No. 2). Pursuant to this Court's Order (ECF No. 3), he paid the required filing fee. (ECF No. 4). On June 29,

1  2015, the Court denied Barnes' motion for appointment of counsel, and gave
2  Respondents 45 days to answer or respond to the Petition. (ECF No. 5). The clerk of
3  court filed Barnes' petition on the same day. (ECF No. 6). Respondents filed a Motion to
4  Dismiss the Petition and Exhibits filed in support. (ECF Nos. 7-8). Barned filed a proper
5  person Response to the Motion to Dismiss / Motion to Stay. (ECF No. 10). On March 31,
6  2016, the Court issued an Order reconsidering its prior order and granting Barnes' request
7  for counsel, and appointed the Federal Public Defender for the District of Nevada as
8  counsel for Barnes. (ECF No. 11). Counsel filed a Notice of Representation on April 15,
9  2016. (ECF No. 12). The First Amended Petition was filed on September 29, 2016. (ECF
10 No. 21).

## II. LEGAL STANDARDS

### A. Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Picard*, 404 U.S. at 276. To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the

3

prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106. However, citation to state case law that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. Cal. Dep't of Corr.*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982).

**B. Amendment of habeas pleadings**

Federal Rule of Civil Procedure 15 applies to amendment of habeas pleadings. *Mayle v. Felix*, 545 U.S. 644, 649 (2005). "An amendment of a pleading relates back to the date of the original pleading when . . . the claim . . . asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." *Id.* (citing Fed. R. Civ. P. 15(c)(2)) (quotation marks omitted). An amended habeas petition does not relate back to the original pleading when it "asserts a new ground for relief supported by facts that differ in both time and type" from those included in the original petition. *Id.* at 650.

4

**III. DISCUSSION**

    **A. Claim 1[1]**

In the First Amended Complaint, Barnes argues that he did not enter his guilty plea knowingly and voluntarily because he is a foreign national who did not understand the U.S. legal system, including his right to a jury trial, which therefore violated his Fifth, Sixth, and Fourteenth Amendment rights.

Respondents contend this claim is time barred under the 1-year statute of limitations of 28 U.S.C. § 2244(d) and under *Mayle*. However, the Court finds that this claim properly asserts the same type of facts occurring during the same time period as in the original Petition. In Barnes' original Petition, he stated: "Petitioner states that being a foreign national and age 21 from Jamaica, he was not educated pertaining to any laws regarding intering [sic] into a guilty plea." (ECF No. 6 at 5). The Court finds that these facts are sufficiently similar to the claims now asserted in the First Amended Petition, and denies the Motion to Dismiss with regard to Claim 1.

    **B. Claim 2[2]**

Barnes next argues that he did not enter his guilty plea knowingly and voluntarily because he possessed an incomplete understanding of the contents and nature of the plea agreement, which therefore led to violations of his Fifth, Sixth, and Fourteenth Amendment rights.

Respondents argue that this claim is also time-barred. The Court finds that this claim relates back to the original habeas petition. In the original Petition, Barnes stated: "[C]ourt appointed counsel Bashor failure [sic] to inform Petitioner that he had a constitutional right to a have a jury trial . . . ." (ECF No. 6 at 3.) Additionally: "Petitioner states that court appointed counsel Bashor mislead him to accept a guilty plea that would allow prison time for an unintentional abuse and child neglect. . . . As court appointed

---

[1] Respondents label this claim as "Claim 1a" in their Motion. The Court will follow the numbering sequence of claims as set forth in the First Amended Petition.
[2] Respondents label this claim as "Claim 1b" in their Motion.

5

Public Defender Bashor never informed him that he would be sentenced to an 8 to 20 year for an unintentional child abuse . . . ." (ECF No. 6 at 5). The Court finds that Barnes alleged facts related to incomplete knowledge about the plea agreement in his original Petition, and that the claim asserted in the First Amended Petition relates back to the original pleading. Therefore, the Motion to Dismiss is denied with regard to Claim 2.

### C. Claim 4[3]

Barnes' fourth and final claim is that he did not enter his guilty plea knowingly and voluntarily because counsel advised him to waive his preliminary hearing and plead guilty without conducting an investigation of the case or even acquiring all of the District Attorney's discovery, in violation of his Fifth, Sixth, and Fourteenth Amendment rights.

Respondents again argue that this claim is time barred. The Court finds that this claim relates back to the original Petition. Barnes stated in the original Petition: "In fact Petitioner[']s court appointed Public Defender Ryan Bashor failures [sic] to investigate an investigation report performed by Family Juvenile Division . . . . [T]his report was never presented as material evidence to show the court and or the Nevada Supreme court that it was indeed the natural mother . . . who actually caused the alleged abuse and neglect . . . ." (ECF No. 6 at 3). Further: "Petitioner[ ] alleges serious claims of cumulative errors performed by his court appointed counsel and Family Division investigator who did not inform the court that direct evidence shows conclusive proof that Petitioner did not cause the fracture right side clavicle injury to his step-son." (ECF No. 6 at 7). The Court finds this claim in the First Amended Petition is a more detailed elaboration of the same facts and occurrences as alleged in the original Petition. Therefore, Respondents' Motion to Dismiss is denied with regard to Claim 4.

The Court acknowledges that Barnes now brings the above claims under the Fifth and Sixth Amendment, which were not raised in the original Petition, although the Sixth Amendment was raised in state post-conviction proceedings. However, the Court finds

---

[3] Respondents label this claim as "Claim 1d" in their Motion.

6

that the allegations remain substantially the same; Petitioner asserts the same ineffective assistance of counsel ground for relief with the same underlying factual assertions.

**IV.  CONCLUSION**

**IT IS THEREFORE ORDERED** that Respondents' Motion to Dismiss (ECF No. 25) is **DENIED**.

DATED: February 5, 2018

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**